IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTINA RHEA NICHOLS                                  PLAINTIFF

vs.                                Civil No. 4:18-cv-04022

NANCY A. BERRYHILL                                      DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Christina Rhea Nichols ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI benefits on August 1, 2012. (Tr. 322-331). Plaintiff alleges being disabled due to due to bipolar disorder, depression, and attention deficit hyperactivity. (Tr. 385). Plaintiff alleges an onset date of August 1, 2010. *Id.* These applications were denied initially and again upon reconsideration. (Tr. 147-153, 161-164).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 165-173).

On July 29, 2015, Plaintiff had her administrative hearing. (Tr. 27-40). Following this hearing, the ALJ issued an unfavorable decision on August 27, 2015. (Tr. 126-136). On September 9, 2016, the Appeals Council vacated the ALJ's decision and remanded the case. (Tr. 144-145).

A second administrative hearing was held on April 18, 2017. (Tr. 41-66). At the administrative hearing, Plaintiff was present and was represented by counsel, Matthew Golden. *Id.* Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty (40) years old and had a high school education with some college. (Tr. 19, 386).

On May 25, 2017, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 10-20). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through March 31, 2015. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2010. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had severe impairments of bipolar disorder and anxiety. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4)

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all

2

exertional levels, except can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work related decisions; can adapt too few, if any, workplace changes; and can tolerate only occasional interaction with co-workers, supervisors and the general public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19-20, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a housekeeper with approximately 929,540 such jobs in the nation, dry cleaner worker with approximately 199,330 such jobs in the nation, and mailroom sorter with approximately 99,190 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 1, 2010, through the date of the decision. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5-6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On February 15, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 22, 23. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

4

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in discrediting Plaintiff's physician, (B) in failing to consider Plaintiff's subjective complaints, and (C) in failing to properly consider Plaintiff's GAF scores. ECF No. 22, Pgs. 5-11. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 23. The Court has considered Plaintiff's arguments and agrees the ALJ erred by failing to fully evaluate Plaintiff's GAF scores and, this Court finds Plaintiff's case must be reversed and remanded.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that

5

claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF scores suffers from "[s]serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In this matter, Plaintiff had several GAF scores at 50 or below. (Tr. 457, 461, 547, 550, 618, 717). The ALJ gave Plaintiff's GAF scores no weight and stated psychiatric institutions no longer recognize GAF scores. (Tr. 18). The ALJ had no further discussion of the scores and failed to even mention the scores in the decision. It was the ALJ's responsibility to properly evaluate those GAF

scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with anxiety, bipolar disorder and depression. Accordingly, because the ALJ was required to evaluate these scores and provide a reason for discounting the low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE